CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 0 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL R. SHUCK, II, ) | |
|     Petitioner, ) | Case No. 7:05CV00167 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| WARDEN BLEDSOE, ) | By: Glen E. Conrad |
|     Respondent. ) | United States District Judge |

The petitioner, Michael R. Shuck, II, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. At the time the petition was filed, Shuck was incarcerated at the United States Penitentiary in Lee County, Virginia. The petition is currently before the court for review of the magistrate judge's report and recommendation. For the reasons that follow, the court will adopt the magistrate judge's report and recommendation, and grant the respondent's motion for summary judgment.

## BACKGROUND

By opinion and order entered March 24, 2005, the court dismissed all of Shuck's claims except the claim that he was denied the right to call witnesses at a prison disciplinary hearing on July 22, 2004.[1] To support this claim, Shuck submitted a copy of a notice of disciplinary hearing, dated July 9, 2004, which indicates that Shuck requested "3 black inmates [that] can be found in the videotape" to appear as witnesses. Shuck also submitted a copy of an inmate request to staff, dated July 11, 2004, on which he requested "three unidentified African-American inmates" to appear as witnesses at the disciplinary hearing, as well as three correctional officers, Mr. Keizer, Mr. Allen, and Mr. Mullins.

---

[1] Based on the evidence presented at the hearing, a prison disciplinary hearing officer found that Shuck had committed the prohibited acts of interfering with a staff member in the performance of his duties, and attempted assault on a staff member. Shuck lost good conduct time as a result of these findings.

On May 17, 2005, the respondent filed a motion for summary judgment. The respondent argued that the prison's failure to identify and locate the three unknown inmates did not violate Shuck's due process rights. The respondent did not address the evidence indicating that Shuck had also requested three staff witnesses. Shuck filed a response to the respondent's motion for summary judgment on June 9, 2005. In his response, Shuck argued that his hearing representative did not make a good faith effort to identify the three unknown inmates. However, Shuck did not mention the three staff members.

By order entered July 8, 2004, the case was referred to United States Magistrate Judge Michael F. Urbanski for appropriate proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge subsequently submitted a report in which he recommended granting the respondent's motion for summary judgment. The magistrate judge concluded that the prison officials' efforts to identify the three unknown inmates were constitutionally sufficient.

Shuck filed objections to the magistrate judge's report on August 15, 2005. In his objections, Shuck again argued that the prison officials failed to make a good faith effort to identify the three unknown inmates. Shuck also argued that the magistrate judge failed to consider his claim with respect to the three requested staff members.

By order entered August 19, 2005, the court directed the respondent to file a response to the petitioner's objection as to the three staff members, since the respondent had not addressed the three staff members in his previous filings. In response to the court's order, the prison reopened Shuck's disciplinary action, and provided him the opportunity to supply further information regarding the three staff members. The respondent has submitted affidavits from Lynn Tillison, the disciplinary hearing officer; Wardell Chambers, a unit manager at the prison;

2

and Dennis Peltier, a prison counselor. According to the affidavits, the unit disciplinary committee met with Shuck on August 26, 2005. During the meeting, Shuck refused to provide any information regarding the three staff members. When Shuck met with Tillison the following day, he again refused to provide any information regarding the staff members. The unit disciplinary committee gave Shuck a final opportunity to provide information regarding the staff members on August 29, 2005. During that meeting, Shuck refused to provide the first names of two of the staff witnesses, and he refused to provide any information regarding the witnesses' proposed testimony. As a result, Tillison amended Shuck's disciplinary report to note the attempts to elicit information from Shuck, and closed the disciplinary action. The respondent contends that the prison's efforts to obtain information regarding the three staff witnesses cured any inadequacies in the initial disciplinary hearing.

Shuck has filed a response to the respondent's most recent submission, in which he insists that his due process rights were violated at the initial disciplinary hearing, and that he is entitled to habeas relief. The matter is now ripe for review.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The magistrate judge's report has no presumptive weight, and this court retains the responsibility to make a final determination. Id. at 270-271. The court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As a result, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

3

## DISCUSSION

It is well established an inmate facing the loss of good time credits has the right to call witnesses in his defense. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, this right is not absolute. Because the unrestricted right to call witnesses from the prison population carries the potential for disruption, courts must "balance the inmate's interest in avoiding loss of good time against the needs of the prison." Id. "[S]ome amount of flexibility and accommodation is required." Id.; see also Baxter v. Palmigiano, 425 U.S. 308, 321 (1976) (noting that the "right to call witnesses, like other due process rights delineated in Wolff, is thus circumscribed by the necessary mutual accommodation between institutional needs and objections and the provisions of the Constitution"); Scott v. Kelly, 962 F.2d 145, 147 (2nd Cir. 1992) (noting that "an official may refuse to call witnesses as long as the refusal is justifiable.").

1. The Requested Inmates

As previously stated, Shuck asked to have three unidentified African-American inmates appear as witnesses at the disciplinary hearing on July 11, 2004. The three inmates were apparently present during the incident that resulted in disciplinary charges against Shuck. The inmates' images were visible in a videotape of the incident. However, after reviewing the tape, Shuck's staff representative, Lawrence Collins, was unable to identify the three inmates. Although Shuck suggests that prison officials could have used the prison's computer database to identify the three inmates, the respondent contends that this would have required staff members to review, inmate by inmate, the database entries for all 1,500 inmates.

Having reviewed the record, the court agrees with the magistrate judge that the prison officials' efforts to identify the three unknown inmates were constitutionally sufficient. Contrary

4

to Shuck's assertions, prison officials did not violate his due process rights by failing to compare the images on the videotape to the intake photos of all 1,500 inmates. To require prison officials to take such action would deprive them of the discretion afforded by Wolff and subject them to "unduly crippling constitutional impediments." Wolff, 418 U.S. at 566.

### 2. The Requested Staff Members

Shuck has provided evidence indicating that he also requested three specific staff witnesses, Mr. Keizer, Mr. Allen, and Mr. Mullins. Although the three staff members are not listed as potential witnesses on the notice of disciplinary hearing, dated July 9, 2004, Shuck did list them on a request to his staff representative. A notation on the bottom of the request indicates that Shuck's staff representative forwarded the request to the disciplinary hearing officer on July 17, 2004. However, none of the identified staff members appeared as witnesses at the initial disciplinary hearing.

Even assuming that Shuck was denied due process as a result of the staff members' absence, he is not entitled to habeas relief. Any deprivation of due process that Shuck suffered at the initial hearing was cured when prison officials reopened the disciplinary action and provided Shuck the opportunity to supply further information about the staff members. See Powell v. Cadwell, 42 Fed. Appx. 821, 823 (7th Cir. 2002); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991); Johnson v. Paparozzi, 219 F. Supp.2d 635, 642 (D.N.J. 2002). Despite receiving more than one opportunity to provide information regarding the staff members, Shuck failed to comply with the prison officials' requests. Since the officials were unable to determine whether the staff members' testimony would have been relevant or necessary, they were not required to call the staff members as witnesses. See Pannell v. McBride, 306 F.3d 499, 503 (7th Cir.2002) (noting

5

that an inmate's request for witnesses may be denied where the testimony would be "irrelevant, cumulative, or otherwise unnecessary"); Ramer v. Kerby, 936 F.2d 1102, 1105 (10th Cir. 1991) (same). Since Shuck was ultimately afforded due process, he is not entitled to habeas relief.

## CONCLUSION

For the reasons stated, the court will adopt the magistrate judge's Report and Recommendation and grant the respondent's motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 20th day of October, 2005.

*/s/ Glen E. Conrad*
United States District Judge